UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JON ALI KUNDAK, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL CHERTOFF, Secretary of | § | SA-05-CV-0709 RF |
| the Department of Homeland Security, | § | |
| | § | |
| **Defendant.** | § | |

**ORDER GRANTING MOTION TO COMPEL (DOCKET ENTRY 18)**

The matters before the Court are defendant's motion to compel, plaintiff's response and defendant's reply (docket entries 18, 21 and 25). The motion is made pursuant to Federal Rule of Civil Procedure 37(a)(2)(B).

By his motion, defendant requests entry of an order to compel more complete and direct responses to certain of his Interrogatories (1, 2, 3, 5, 8, 10, 12 and 15) and Requests for Admission (12, 21 and 24).

Having reviewed the motion, response and reply, I find that the motion is well-taken and will be GRANTED. Regardless of whether the information defendant requested may somewhere be located in the 5-volume administrative file, or in plaintiff's personnel records, or from third parties, plaintiff has not shown that the information is outside the scope of relevancy. Importantly, plaintiff cannot respond merely with "you already have that" where the burden shouldered by plaintiff to provide clear, concrete responses to rather routine discovery requests are minimal. Plaintiff is reminded that his failure to respond completely may serve as the basis for a later motion by defendant

to prohibit plaintiff from using as evidence any witness or information not disclosed. F.R.Civ.P. 37(c)(1). He is also reminded of his obligation to supplement responses and the consequences flowing from the failure to seasonably supplement. F.R.Civ.P. 26(e).

It is therefore ORDERED that plaintiff shall respond completely to the following interrogatories within 10 days of date of this Order:

Interrogatory 1: Plaintiff is ordered to itemize his specific non-economic injuries (clarifying what GERD means), the amount sought for each injury and the basis for same.

Interrogatory 2: Plaintiff is ordered to provide his calculation of the economic injuries, including lost pay and benefits, emotional and physical injuries, attorneys fees to date and costs incurred.

Interrogatory 3: Plaintiff is ordered to specifically itemize any other injuries claimed, and if there are no others to clearly so state.

Interrogatory 5: Plaintiff is ordered to identify any health care providers who he consulted for treatment or consultation relating to the injuries claimed.

Interrogatory 8: Plaintiff is ordered to list medications prescribed and diagnoses rendered by the health care providers.

Interrogatory 10: Plaintiff is ordered to list persons he realistically expects to call as witnesses with the specificity requested in the Interrrogatory.

Interrogatory 12: Plaintiff is ordered to list those persons who he or his attorney have communicated regarding the facts of his complaint, and describe those discussions.

Interrogatory 15: Plaintiff is ordered to list those civil, criminal and administrative proceedings – other than the present case – in which he has been involved, identifying them by case name, location

of the forum, nature of the case, and plaintiff's role.

Additionally, it is ORDERED that Plaintiff produce the following within 10 days from date of this Order:

Request 12: Reports and correspondence as listed which relate to experts consulted for purposes of this litigation.

Request 21: Plaintiff's most recent resume.

Request 24: Attorney contract and statements to date.

Finally, defendant has asked the Court to order payment of its fees and costs associated with the filing of the motion. Federal Rule of Civil Procedure 37(a)(4) provides for the award of expenses when a motion to compel is granted unless the opposition is substantially justified or other circumstances make an award of expenses unjust.

Plaintiff's responses to these very routine discovery requests were inadequate and requests to correct deficiencies without court involvement fruitless. His responses to the motion to compel were similarly without "substantial justification."

Accordingly, the motion for an award of expenses is GRANTED in an amount to be determined upon submission of an appropriate affidavit of expenses incurred, filed within 15 days of date of this Order.

**SIGNED** on June 20, 2006.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE