UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JON ALI KUNDAK, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL CHERTOFF, Secretary of | § | SA-05-CV-0709 RF |
| the Department of Homeland Security, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING IN PART MOTION FOR PROTECTIVE ORDER (DOCKET 19)**

The matter before the Court is defendant's motion for protective order, plaintiff's response and defendant's reply (docket entries 19, 20 and 26). The motion concerns several depositions noticed by plaintiff. In his motion defendant reports that plaintiff explained the relevance of the deposition testimony as follows:

> Each of these witnesses have information regarding the sexual relationship between Janice Ayala and Kenneth Cates. It is this sexual relationship which resulted in her selection to the ASAC position in Laredo. Therefore, please make the necessary arrangements for their deposition since they are all Department of Homeland Security employees. As SAIC Shep Harrison has stated in his Unsworn Declarations "I phoned either prior supervisors or other persons sufficiently familiar with those individuals in order to obtain a fair assessment of their abilities. The communications required a brief inquiry into the person's abilities, experience, and qualifications. After completing this process, I had the facts needed to make an informed decision regarding the position." As you may well be aware Kenneth Cates, the SAC in Dallas was Janice Ayala's immediate supervisor. See Tab 73 (page 1) of Volume 4 of the investigative file. "Supervisor's name and phone—Kenneth Cates (210)389-7139." Need I draw you a picture or do you want me to graphically spell out the scenario for you. (See Exhibit 3, attached.)

1

Defendant argues that the sexual relationship between Ms. Ayala and Mr. Cates is irrelevant to plaintiff's claim: that defendant failed to select plaintiff for a position because of his national origin (Georgian/Turkish) and in retaliation after plaintiff testified in an EEOC proceeding. Further, defendant argues that any claim which plaintiff may be attempting to assert based on gender discrimination is unexhausted and discovery as to that claim foreclosed.

As an initial matter I note that the court has not determined whether plaintiff may proceed on a claim of gender discrimination. Plaintiff filed a motion for summary judgment in December to which defendant has responded. In his response, defendant argued that judgment for plaintiff on his gender claim is barred because plaintiff did not include a claim of gender discrimination in his EEO complaint and there is no evidence that a gender claim was investigated by the EEOC. However, defendant did not file a cross-motion for summary judgment on this claim. Further, on motion of defendant, the Court put off its consideration of plaintiff's motion until conclusion of the discovery period (July 31, 2006). Accordingly, at this time insofar as plaintiff's federal complaint includes a claim based on gender discrimination, that claim is still before the Court and subject to discovery.

Turning to the matter of the requested protective order, Federal Rule of Civil Procedure 26(c) empowers the Court to limit discovery in certain circumstances. Of course, all discovery is governed by Rule 26(b) which allows discovery into any matters which are relevant to the claim or defense of any party.

Here, plaintiff alleges that he was not selected for a promotion within DHS because of his national origin and in retaliation for prior testimony he provided in an EEOC proceeding. He also alleges that he was not selected because of his gender. Charles Harrison, the recommending official for the subject vacancy has testified by affidavit that he recommended Ms. Ayala for the vacancy after

speaking with the supervisors of the candidates on the best-qualified list. Plaintiff argues that Ms. Ayala's and her former supervisor, Mr. Cates, were involved in a sexual relationship at some point, and that presumably the information given to Harrison by Cates concerning Ms. Ayala was tainted because of that relationship. Harrison has testified that he had no knowledge of this alleged relationship at the time he recommended Ayala for the position. Plaintiff infers that the testimony from the supervisor, Ayala, and other co-workers will confirm the existence of the sexual relationship, which he argues is relevant to establish that he was passed over for the promotion, not because of his lack of qualifications, but because of his gender.

After considering the arguments of the parties in light of the broad definition of relevancy set forth in the federal rules governing discovery, I will DENY the motion and allow the deposition of Mr. Cates. Whether he and Ms. Ayala had a relationship and the effect of that on the feedback he gave to Mr. Harrison concerning Ms. Ayala's job performance may be relevant to plaintiff's gender discrimination claim. However, with respect to the other persons who plaintiff has listed for deposition, the motion for protective order will at this time be GRANTED. Unless Mr. Cates denies the existence of the relationship, the other depositions appear to be cumulative and unnecessary. Plaintiff can request reconsideration of this ruling after completing the deposition if warranted.

It is so ORDERED.

**SIGNED** on June 20, 2006.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE